UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VICTOR M. LOPEZ, LUIS N. ABREU FAÑA,
JOAN E. BIDO VALDEZ, ALEX R. DURÁN,
JUAN PABLO GÓMEZ REYES, EDUARDO
OLAVERRIA, JUAN P. HOLGUIN, and EDWIN
PEREZ, individually and on behalf of all others
similarly situated,

No. 12 Civ. 0511 (AT)(FM)

Plaintiffs,

- against -

ACME AMERICAN ENVIRONMENTAL CO.,
INC., ACME AMERICAN REPAIRS, INC.,
COMMERCIAL KITCHEN DESIGNS, INC.,
ACME AMERICAN REFRIGERATION, INC.,
FACTORY PARTS & SERVICE CO., INC.,
JEFFREY SCHWARTZ, KENNETH STAHN,
DANIEL KENNY, DAVID ESTES, BIRINDER
MADAN, EDWARD J. LEE, DERVAL
LAZZARI, GREGORY ROWEHL, MATT
DYCKMAN, AND JOHN AND JANE DOES 1
through 10,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/15/13

---

## ORDER GRANTING PLAINTIFFS'
## MOTION FOR APPROVAL OF THE SETTLEMENT

On January 20, 2012, plaintiffs Victor M. Lopez, Luis N. Abreu Fana, Joan E. Bido

Valdez, Alex R. Duran, Juan Pablo Gomez Reyes, Eduardo Olaverria, Juan P. Holguin, and

Edwin Perez (the "Named Plaintiffs") commenced this action by filing a class and collective

action complaint against Acme American Environmental Co., Inc. ("Acme Environmental"),

Acme American Repairs, Inc. ("Acme Repairs"), Commercial Kitchen Designs, Inc.

("Commercial Kitchen"), Acme American Refrigeration, Inc. ("Acme Refrigeration"), Factory

Parts & Service Co., Inc. ("Factory Parts"), Jeffrey Schwartz, Kenneth Stahn, Daniel Kenny,

David Estes, Birinder Madan, Edward J. Lee, Derval Lazzari, Gregory Rowehl, and Matt Dyckman alleging on behalf of themselves and other similarly situated employees that defendants failed to pay their employees for all hours worked and the overtime rate of one and a half times the regular rate of pay for hours worked in excess of forty in a workweek and to follow the requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

On February 3, 2012, plaintiffs voluntarily dismissed defendant Edward Lee from the action and on February 27, 2012 defendants Commercial Kitchen and Gregory Rowehl were voluntarily dismissed from the action. Plaintiffs voluntarily dismissed defendants Kenny and Dickman from the action on April 24, 2012. On April 24, 2012, defendants Estes, Schwartz, and Stahn filed their Answer and on the same day defendant Acme Environmental filed a separate Answer.

An Amended Complaint was filed on May 11, 2012. One month later, on June 15, 2012, defendants Estes, Schwartz, and Stahn filed their Answer, Acme Environmental also filed an Answer, and defendants Acme Refrigeration, ACME Repairs, Factory Parts, Lazzari, and Madan filed their motion to dismiss. On December 6, 2012, the Court issued a memorandum and order granting in part and denying in part the motion to dismiss. *See, Lopez v. Acme American Environmental Co, Inc.*, No. 12-cv-511 (WHP), 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012). The Court denied Madan and Lazzari's motion to dismiss plaintiffs' FLSA, NYLL, and unjust enrichment claims. *Id.* The Court granted Acme Repairs, Acme Refrigeration, and Factory Parts' motion to dismiss plaintiffs' FLSA, NYLL, and unjust enrichment claims. *Id.* The Court dismissed plaintiffs' breach of contract claims against the defendants with leave to amend. *Id.*

On January 30, 2013, the Court so-ordered a stipulation between the parties conditionally certifying the action as a collective action pursuant to the FLSA for the purpose of allowing plaintiffs to send notice to the potential opt-in plaintiffs. One individual, Deivy R. Pimental Nunez, submitted an opt-in form (the "Opt-In Plaintiff") which was filed with the Court.

The parties reached this $40,000 settlement on behalf of the Named Plaintiffs and the Opt-in Plaintiff in this FLSA collective action after engaging in substantial discovery and settlement discussions.   The terms of the settlement agreement have been set out in a formal written Settlement Agreement and Release ("Settlement Agreement").   Plaintiffs now seek approval of the settlement and reimbursement of the costs incurred by Plaintiffs' Counsel.

Having considered plaintiffs' Motion for Approval of the Settlement, the supporting affidavit, declarations and exhibits thereto, and the complete record in this matter, for the reasons set forth below and for good cause shown,

**NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.   The Court hereby approves the FLSA settlement on behalf of the Named Plaintiffs and the Opt-In Plaintiff.

2.   FLSA settlements generally require judicial approval to be effective because private settlements will not effectuate a valid release. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945).

3.   Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See, Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623 (PAC), 04 Civ. 4488 (PAC), 06 Civ. 5672 (PAC), 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010); *McMahon v. Olivier Cheng Catering & Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010).   Typically, courts regard the adversarial nature of a

litigated FLSA case to be an adequate indicator of the fairness of the settlement. *See, Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982). If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement. *Id.* at 1354; *Clark*, 2010 WL 1948198, at *7; *McMahon*, 2010 WL 2399328, at *6.

4. The FLSA settlement in this case meets the standard for approval. The settlement was the result of contested litigation and arm's length negotiation. Plaintiffs conducted a thorough investigation, including the review of paper discovery and deposed defendants' corporate representative. Defendants deposed four of the Named Plaintiffs. The parties also engaged in extensive arm's length negotiations by telephone and electronic mail through their counsel.

5. The settlement also reflects a reasonable compromise over contested issues, particularly in light of the risk of collection against the corporate and individual defendants and the uncertain legal and factual issues involved. *See, Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811 (MGC), 2010 WL 476009, at *5 (S.D.N.Y. Jan. 6, 2010) (considering risk of collection in approving Rule 23 settlement.)

6. The FLSA provides that "The court in shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

7. Plaintiffs' Counsel is not seeking attorneys' fees.

8. The Court hereby awards Plaintiffs' Counsel reimbursement of their litigation costs in the amount of $8,000.

9. The costs incurred by Plaintiffs' Counsel, which include mailings, translation costs, photocopies, electronic research, depositions, and filing fees, are reasonable and were incidental and necessary in prosecuting the action.

10. Accordingly,

    a. The Acme Parties shall make the first $30,000 payment on: (1) October 15, 2013, provided the Court approves the settlement before October 15, 2013 or during the hearing scheduled for that date, or (2) within three business days after the Court issues an Order approving the settlement, if the Court approves the settlement after the hearing on October 15, 2013. Each Named Plaintiff and Opt-In Plaintiff will receive his pro-rata share of the $30,000 payment by the Acme Parties minus applicable tax withholding based upon the total number of weeks they worked as a cleaner for the Acme Parties and the funds shall be distributed as follows:

        i. Victor Lopez shall receive a payment of $5,645.43 minus applicable tax withholding;

        ii. Luis N. Abreau Fana shall receive a payment of $1,466.58 minus applicable tax withholding;

        iii. Joan E. Bido Valdez shall receive a payment of $2,703.05 minus applicable tax withholding;

        iv. Alex R. Duran shall receive a payment of $1,341.77 minus applicable tax withholding;

        v. Juan Pablo Gomez Reyes shall receive a payment of $1,516.42 minus applicable tax withholding;

        vi. Eduardo Olaverria shall receive a payment of $3,952.74 minus applicable tax withholding;

        vii. Juan P. Holguin shall receive a payment of $11,221.45 minus applicable tax withholding;

        viii. Edwin Perez shall receive a payment of $1,202.55 minus applicable tax withholding;

        ix. Deivy R. Pimental Nunez shall receive a payment of $950.01 minus applicable tax withholding;

    b. The Acme Parties shall pay $10,000 within 31 days after the first payment date, of which $8,000 shall be payable to Abbey Spanier LLP, for their costs and $250.00 minus applicable tax withholding shall be payable to each of the eight Named Plaintiffs, and

    c. Defense counsel shall file the stipulation of discontinuance with the Court upon delivery to Plaintiffs' Counsel of the Settlement Sum.

11. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement, attached as Appendix 1 to this order.

It is so ORDERED this 15th day of October, 2013.

_____

ANALISA TORRES
United States District Judge

APPENDIX 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into as of the 16 th day of August, 2013, by and between Victor M. Lopez, Luis N. Abreu Faña, Joan E. Bido Valdez, Alex R. Durán, Juan Pablo Gómez Reyes, Eduardo Olaverria, Juan P. Holguin and Edwin Perez ("Named Plaintiffs"), and Deivy R. Pimentel Nuñez (collectively with Named Plaintiffs, "Plaintiffs"), on the one hand, and Acme American Environmental Company, Inc. ("Acme Environmental"), Jeffrey Schwartz, Kenneth Stahn, David Estes, Birinder Madan, and Derval Lazzari (collectively, the "Acme Parties"), on the other hand. Plaintiffs and the Acme Parties are collectively referred to herein as the "Parties."

WHEREAS, the Plaintiffs are or were employed by Acme Environmental;

WHEREAS, the Named Plaintiffs filed an action in the United States District Court for the Southern District of New York, captioned Victor Lopez et al. v. Acme American Environmental Co., et al., 12 Civ. 0511 (the "Court Action"). This action was brought by Plaintiffs as both a collective action and a class action on behalf of themselves and others similarly situated alleging that Defendants failed to pay them for all hours worked and the overtime rate of one and a half times the regular rate of pay for hours worked in excess of forty in a workweek and failed to follow the requirements of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, the Named Plaintiffs commenced the Court Action as a class action pursuant to Fed. R. Civ. P. Rule 23 on behalf of themselves and a putative class consisting of all "persons who work or worked as cleaners for Acme Environmental from January 20, 2006, through the date the Court certifies the class," excluding the named defendants, relatives and affiliated business entities (the "Putative Class") and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and "all persons who work or worked as cleaners for Acme Environmental from January 20, 2009 through the date the Court orders notice to be sent in accordance with Section 216(b)";

WHEREAS, on May 11, 2012, Plaintiffs filed and served an Amended Complaint (the "Complaint"), and on June 25, 2012, the Acme Parties moved to dismiss the Complaint. On December 6, 2012, the Court issued a memorandum and order granting in part and denying in part the motion to dismiss;

WHEREAS, discovery commenced with the exchange of documents. Plaintiffs deposed three defense witnesses and Defendants deposed four of the Named Plaintiffs;

WHEREAS, no motion for class certification has been filed and no class pursuant to Rule 23 has been certified;

WHEREAS the Parties stipulated to the sending of notice, pursuant to the FLSA, 29 U.S.C. § 216(b), to all persons who work or worked at Acme American Environmental Co., Inc. as a cleaner at any time since January 21, 2010 (the "Putative Collective Action Members"), which stipulation was so ordered, and notice sent to the Putative Collective Action Members, on January 30, 2013;

WHEREAS only one individual opted into the Court Action; no motion for certification of a collective action has been made and no opt-in class pursuant to 29 U.S.C. § 216(b) has been certified;

WHEREAS, it is understood by the Parties that this Agreement is solely for the purpose of the settlement and compromise of disputed claims and that the execution of this Agreement is not to be construed or considered as an admission of liability or fault of the Acme Parties; and, it being further understood and agreed that the Acme Parties denied and continue to deny any wrongdoing, violation of law or liability to Plaintiffs;

WHEREAS, in the interest of efficiently resolving the dispute, and in order to avoid the costs, inconvenience and uncertainty inherent in any litigation, the Parties wish to fully and finally resolve and settle any and all disputes and claims between them;

WHEREAS, in the event that this Agreement fails to become effective and enforceable, or is terminated, Defendants will not be deemed to have waived, limited, or affected in any way any of their objections or defenses in the Court Action.

NOW THEREFORE, in consideration of the foregoing and of the mutual covenants and promises set forth below, the receipt and sufficiency of which are hereby conclusively acknowledged, the Parties hereby agree as follows:

1.    Payment.  The Acme Parties agree to pay Plaintiffs the total sum of forty thousand dollars ($40,000.00) (the "Settlement Sum").  The Settlement Sum shall be payable as follows:

(A) THIRTY THOUSAND DOLLARS AND ZERO CENTS ($30,000.00) shall be paid on or before (i) October 15, 2013, or (b) twenty (20) days after execution of the Agreement by all Parties (the "First Payment Date"), whichever is later. Each Plaintiff will be entitled to receive his pro-rata share of the first payment of $30,000.00 based upon the total number of weeks each Plaintiff worked as a cleaner for the Acme Parties, as identified by Plaintiffs' counsel.  Defendants shall have no responsibility for the plan of allocation, and shall deliver to Abbey Spanier LLP, 212 East 39th Street, New York, New York, 10016, checks payable to each Plaintiff in the amount identified by Plaintiff's counsel, minus applicable withholding, as follows:

(a) The sum set forth in Exhibit A hereto, payable to Victor M. Lopez;

(b) The sum set forth in Exhibit B hereto, payable to Luis N. Abreu Faña;

(c) The sum set forth in Exhibit C hereto, payable to Joan E. Bido Valdez;

(d) The sum set forth in Exhibit D hereto, payable to Alex R. Durán;

(e) The sum set forth in Exhibit E hereto, payable to Juan Pablo Gómez Reyes;

(f) The sum set forth in Exhibit F hereto, payable to Eduardo Olaverria;.

(g) The sum set forth in Exhibit G hereto, payable to Juan P. Holguin;

(h) The sum set forth in Exhibit H hereto, payable to Edwin Perez;

(i) The sum set forth in Exhibit I hereto, payable to Deivy R. Pimental Nuñez.

Each Plaintiff represents that he has reviewed the Exhibit setting forth the sum payable to him, and has not been shown any of the other Exhibits referenced in this paragraph.

(B) TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.00) shall be paid within thirty-one (31) days after the First Payment Date, of which EIGHT THOUSAND DOLLARS ($8,000.00) shall be payable to Abbey Spanier LLP, 212 East 39th Street, New York, New York, 10016 for their costs (Abbey Spanier LLP is not seeking any attorneys' fees); and TWO HUNDRED FIFTY DOLLARS ($250.00), minus applicable withholding, shall be payable to each of the eight Named Plaintiffs and delivered to Abbey Spanier LLP, 212 East 39th Street, New York, New York, 10016.

For the amount that each of the Plaintiffs will be paid as set forth above, the Acme Parties shall issue to each an appropriate W-2 tax form, to be mailed to the address for each such Plaintiff provided by Plaintiff's counsel, if any, or if no address is provided, to such Plaintiff's last-known address in the Acme Parties' files.  In addition, an appropriate 1099 tax form will be issued to Abbey Spanier LLP for the amount paid to them for their costs.

The Acme Parties shall withhold from each of the checks all federal, state and/or local taxes required to be withheld by law.  The Acme Parties shall be responsible for the employer's portion of Federal Insurance Contributions Act, 26 U.S.C. §3101 *et seq.*, taxes.

2.      Dismissal of Claims.  The parties agree to execute a stipulation of discontinuance of all claims in the Court Action as follows, (a) with prejudice as to the First Cause of Action; (b) with prejudice as to the Second through Seventh Causes of Action with respect to each of the Plaintiffs; and without prejudice as to the Second through Seventh Causes of Action with respect to unnamed members of the Putative Class, in the form annexed hereto, within five business days after execution of the Agreement by all parties.  Defendants' counsel will hold the fully-executed stipulation of discontinuance, and shall file the stipulation of discontinuance with the Court upon delivery to Plaintiff's counsel of the Settlement Sum.

3.    <u>General Release of Claims</u>.    Plaintiffs hereby release Acme Environmental, Acme American Repairs, Inc., Acme American Refrigeration, Inc., Factory Parts & Service Co., Inc., Jeffrey Schwartz, Kenneth Stahn, David Estes, Birinder Madan, and Derval Lazzari, its and their predecessors, successors, subsidiaries, divisions, parent corporations, insurers, affiliates, and its and their past and present owners, agents, representatives, shareholders, principals, attorneys, insurers, officers, directors, employees and managers (whether acting in their individual capacities or as agents of Acme Environmental and any of the other corporate entities named herein) (all collectively referred to herein as the "Acme Released Parties") from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, charges, liens, obligations, liabilities, sums of money, reckoning, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, including but not limited to legal expenses, disbursements and/or costs, from the beginning of the world to the date hereof, whether known or unknown, that Plaintiffs, or any of them ever had, now has or may hereafter have, against the Acme Released Parties, including but not limited to:

(i) claims arising out of, or related to, any Plaintiff's employment with Acme Environmental or any of the Acme Released Parties and/or the termination of any Plaintiff's employment with Acme Environmental or any of the Acme Released Parties;

(ii) claims of discrimination on the basis of age, race, color, religion, sex, sexual harassment, sexual orientation, national origin, marital status, disability, disability by association, violation of the Family Medical Leave Act, or other characteristic protected by applicable law (including without limitation, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e) *et seq.*, the Age Discrimination in Employment Act of 1967 as amended, 29 U.S.C. § 631(a) *et seq*, the Americans With Disabilities Act of 1990 as amended,  42 U.S.C. § 12101 *et seq*, the Family and Medical Leave Act of 1993 as amended, 29 U.S.C. § 2601 *et seq*, the Pregnancy Discrimination Act of 1978, the Older Workers Benefit Protection Act as amended, 29 U.S.C. § 621 *et seq*, the Equal Pay Act of 1963 as amended, 29 U.S.C. § 206(d) *et seq*, the Civil Rights Act of 1991 as amended, 42 U.S.C. § 1981, the Employee Retirement Income Securities Act of 1974 as amended, 29 U.S.C. § 1001 *et seq*, the National Labor Relations Act as amended, 29 U.S.C. § 151 *et seq*, the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*, the New York State Human Rights Law, Executive Law § 296 *et seq*, New York City Human Rights Laws, the New York City Administrative Code, Title 8, and any state and/or municipality fair employment statutes or discrimination or laws;

4

(iii)  claims of breach of contract, whether actual or implied, written or oral, promissory estoppel, quantum meruit or the like;

(iv) claims for unpaid wages, salary, commissions, bonuses, stock grants, stock options or any other form of compensation, including without limitation, claims based on the Fair Labor Standards Act, the New York Executive Law, the New York Labor Law, New York laws, rules or regulations pertaining to employment, wages and hours, and any other law, rule, regulation, or ordinance pertaining to employment, wages and hours;

(v) claims for infliction of any tort (including but not limited to wrongful or unlawful discharge, constructive discharge, intentional or negligent infliction of emotional distress, fraud, misrepresentation, tortious interference with business and contract relations, tortious interference with prospective economic advantage, unfair competition, defamation), and assault and battery; provided, however, that a claim for personal injury caused by the latent effect of exposure to any substance, that was not known to, and could not through the exercise of reasonable diligence have been discovered by, any Plaintiff, is not included by this release;

(vi) claims for any violation of any pension or welfare plans or any other benefit plan or arrangement (including but not limited to, any claims under the Employee Retirement Income and Security Act of 1974 ("ERISA"), and all amendments thereto, except for claims for vested ERISA benefits); and

(vii) any claim for attorney's fees, costs, related disbursements or the like.

This release of claims does not bind unnamed members of the Putative Class.

Notwithstanding anything to the contrary in this paragraph, Plaintiffs' release of the Acme Released Parties does not apply to the enforcement of the terms of this Agreement.

The Acme Parties hereby release Plaintiffs and their past and present agents, representatives, attorneys, heirs, executors and assigns, from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, charges, liens, obligations, liabilities, sums of money, reckoning, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, including but not limited to legal expenses, disbursements and/or costs, from the beginning of the world to the date hereof, whether known or unknown, that the Acme Parties ever had, now have or may hereafter claim to have against Plaintiffs as of the date of this Agreement, arising directly or indirectly out of, or in any way connected

5

with, based upon, or related to any Plaintiff's employment with Acme Environmental and/or the termination of any Plaintiff's employment with Acme Environmental.

Notwithstanding anything to the contrary in this paragraph, the Acme Parties' release of Plaintiffs does not apply to and does not include the enforcement of the terms of this Agreement.

4.      Ownership of Released Matters.   The Parties hereby warrant and represent that they are the sole and lawful owner of all rights, title, and interest in and to all claims released pursuant to paragraph 3 above, and that they have not heretofore assigned or transferred, or purported to assign or transfer, any of such released claims, in whole or in part, to any other person or entity.

5.      Confidentiality.   Except as required by law, no Plaintiff shall disclose the existence of this Agreement, its terms, or the actions of any Party in accordance therewith, including but not limited to the fact or amount of any payment made to or received by such Plaintiff, to any person, including but not limited to any person who is or at any time was employed by Acme Environmental.   Moreover, no Plaintiff shall use or disclose this Agreement in any court, arbitration, or other legal proceeding, except to enforce the provisions of this Agreement.

Notwithstanding anything to the contrary in this paragraph, the Parties may disclose this Agreement to the Court and its personnel as necessary to obtain Court approval of this Agreement, including placing this Agreement in the public record.   Such disclosure, however, shall not excuse Plaintiffs from their obligations as set forth in this paragraph.

Any breach of this confidentiality provision shall be deemed a material breach of this Agreement.   Each Plaintiff agrees that in the event that such Plaintiff discloses the existence of this Agreement, its terms, or the actions of any Party in accordance therewith, including but not limited to the fact or amount of any payment made to or received by such Plaintiff, to any person (including but not limited to any person who is or at any time was employed by Acme Environmental), the breaching Plaintiff shall pay to Acme Environmental an amount equal to the full amount paid to such Plaintiff under this Agreement, as set forth in the relevant sub-paragraphs of paragraph 1 above.

6.      Waiver of Reinstatement or Reemployment.   Notwithstanding any other provision herein, the Named Plaintiffs hereby waive reinstatement of their employment with Acme Environmental, and agrees that at no time in the future will he seek reinstatement or re-employment with Acme Environmental, or otherwise accept employment with Acme Environmental.

7.      No Oral Modifications.   The provisions of this Agreement may be modified only by written agreement of all Parties. The terms or provisions of this Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all parties.   This Agreement may not be assigned by Plaintiffs, or by any of them.

6

8.      Counterparts.   This Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, and all such counterparts shall comprise but one Agreement.  Further, this Agreement may be executed by facsimile. Execution by facsimile or PDF shall be deemed to be execution in the original in accordance with New York law.

9.      Binding Effect.  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their successors and heirs.

10.     Further Assurances.   The Parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

11.     Entire Agreement.    All agreements, covenants, representations and warranties, express or implied, oral or written, of the parties hereto concerning the subject matter hereof are contained herein.   No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party hereto to any other party concerning the subject matter hereof.  All prior and contemporaneous conversations, negotiations, possible and alleged agreements, representations, covenants and warranties concerning the subject matter hereof are merged herein.  The Parties agree that this Settlement Agreement contains the Parties' full and complete agreement.

12.     Joint Authorship.    This Agreement is the result of negotiations between the Parties to this Agreement.  There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party.  Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

13.     Attorneys' Fees and Costs.  Except as set forth herein, each party shall bear his or its own attorneys' fees and costs incurred through the execution of this Agreement.

14.     Headings.  The paragraph headings herein are for convenience only, and shall not affect the interpretation or construction of this Agreement.

15.     Governing Law.  This Agreement shall be construed under and governed by the laws of the State of New York, notwithstanding any choice of law provision or principle to the contrary.

16.     Review Period.  Each Plaintiff can take up to twenty-one (21) days from the date the Agreement was first given to him to review it and to decide whether to enter into this Agreement (the "Consideration Period").   If the last day of the Consideration Period falls on a Saturday, Sunday or legal holiday, the last day of the Consideration Period will be deemed to be the next business day. This also includes a release of any

7

claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"). Each Plaintiff acknowledges that the Acme Parties have advised him by this agreement to consult with an attorney before he waives any claim under the ADEA. Each Plaintiff further acknowledges that the Acme Parties have advised him that the ADEA allows him 21 days to decide whether to waive claims under the ADEA and that he has seven days after signing this Agreement to revoke this Agreement.  If no Plaintiff revokes this Agreement within seven days after such Plaintiff executes it, it shall become binding on the eighth day following the last date on which any Plaintiff executes of this Agreement.

17.    Revocation Period.  Any Plaintiff may revoke this Agreement for a period of seven (7) days after its execution by such Plaintiff (the "Revocation Period") by delivery to Paduano & Weintraub LLP, Attention: Meredith Cavallaro, 1251 Avenue of the Americas, Ninth Floor, New York, New York 10020, a written, notarized notice of his desire to revoke this Agreement by no later than 5:00 p.m. (E.S.T.) on the last day of the Revocation Period.  This Agreement shall become effective and irrevocable upon the expiration of the Revocation Period, if no Plaintiff revokes it on a timely basis as set forth herein.  In the event that any Plaintiff revokes this Agreement on a timely basis as set forth herein, this Agreement shall be null and void ab initio, nunc pro tunc, as to all Plaintiffs.

18.    Advice of Counsel.  The Parties hereto, and each of them, represents and declares that he/it has carefully read this Agreement and knows the contents thereof and that he/it signs the same freely and voluntarily.  Acme Environmental has advised Plaintiffs to consult with an attorney prior to signing this Agreement.  Each person executing this Agreement represents that he/it has consulted with an attorney prior to signing this Agreement.  Each Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon his independent judgment after consulting with his counsel. In making this determination, each Plaintiff has had an adequate opportunity to discuss and assess the merits of all of his claims and potential claims, and has not relied on any representations of the Acme Parties or their counsel with respect to the subject matter of this Agreement.

19.    Translation:  This Agreement has been translated to the parties as their respective counsel has deemed necessary.

20.    Signatures.  The parties hereby signify their agreement to the above terms by their signatures below.  The officer of Acme Environmental signing this Agreement represents that he is authorized to execute this Agreement on behalf of Acme Environmental.    Each  Plaintiff  executes  this  Agreement  on  his  own  behalf

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK**

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

*Victor M López*
_____
Victor M. Lopez

By: _____
   Name:  Jeffrey Schwartz
   Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
    Name:  Jeffrey Schwartz
    Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____          By: _____
       Victor M. Lopez                     Name:  Jeffrey Schwartz
                                           Title:  President


_____
     Luis N. Abreu Faña

                                    _____
_____               Jeffrey Schwartz
     Joan E. Bido Valdez


                                    _____
_____               Kenneth Stahn
       Alex R. Durán


                                    _____
_____               David Estes
  Juan Pablo Gómez Reyes


                                    _____
_____               Birinder Madan
     Eduardo Olaverria


                                    _____
_____               Derval Lazzari
      Juan P. Holguin


_____
       Edwin Perez


_____
   Deivy R. Pimentel Nuñez


9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

By: _____
_____         Name:  Jeffrey Schwartz
Victor M. Lopez         Title:  President


_____
Luis N. Abreu Faña         _____
         Jeffrey Schwartz


_____
Joan E. Bido Valdez
         _____
*Alex R. Durán* (signature)         Kenneth Stahn
_____
Alex R. Durán         _____
         David Estes


_____
Juan Pablo Gómez Reyes         _____
         Birinder Madan


_____
Eduardo Olaverria         _____
         Derval Lazzari


_____
Juan P. Holguin


_____
Edwin Perez


_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
   Name:  Jeffrey Schwartz
   Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
   Name:  Jeffrey Schwartz
   Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

*Eduardo Olaverria*
_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____          By: _____
Victor M. Lopez                                     Name:  Jeffrey Schwartz
                                                    Title:  President


_____
Luis N. Abreu Faña                                  _____
                                                    Jeffrey Schwartz


_____
Joan E. Bido Valdez                                 _____
                                                    Kenneth Stahn


_____
Alex R. Durán                                       _____
                                                    David Estes


_____
Juan Pablo Gómez Reyes                              _____
                                                    Birinder Madan


_____
Eduardo Olaverria                                   _____
                                                    Derval Lazzari

_____
Juan P. Holguin


_____
Edwin Perez


_____
Deivy R. Pimentel Nuñez


9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
   Name:  Jeffrey Schwartz
   Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_Edwin pere_
_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

y manifiesta que este Acuerdo incluye un descargo pleno, completo y definitivo renunciando a reclamaciones existentes y posibles contra las Partes Eximidas de Acme según se establece en otra parte de este Acuerdo.

Acme American Environmental Co., Inc.

_____
Victor M. López

Por: _____
    Nombre:  Jeffrey Schwartz
    Título:  Presidente

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverría

_____
Derval Lazzari

_____
Juan P. Holguín

_____
Edwin Pérez

_____
Deivy R. Pimentel Núñez

11

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
Name:  Jeffrey Schwartz
Title:  President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

_____
Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

9

and represents that this Agreement includes a full, complete and final release relinquishing existing and possible claims against the Acme Released Parties as provided elsewhere in this Agreement.

Acme American Environmental Co., Inc.

_____
Victor M. Lopez

By: _____
    Name:  Jeffrey Schwartz
    Title: President

_____
Luis N. Abreu Faña

_____
Jeffrey Schwartz

_____
Joan E. Bido Valdez

_____
Kenneth Stahn

_____
Alex R. Durán

_____
David Estes

_____
Juan Pablo Gómez Reyes

_____
Birinder Madan

_____
Eduardo Olaverria

Derval Lazzari

_____
Juan P. Holguin

_____
Edwin Perez

_____
Deivy R. Pimentel Nuñez

10

## **Exhibit A**

Victor M. Lopez:     FIVE THOUSAND, SIX HUNDRED FORTY-FIVE DOLLARS AND
FORTY-THREE CENTS ($5,645.43), minus applicable withholding.

## **Exhibit B**

Luis N. Abreu Faña: ONE THOUSAND, FOUR HUNDRED SIXTY-SIX DOLLARS AND FIFTY-EIGHT CENTS ($1,466.58), minus applicable withholding.

## Exhibit C

Joan E. Bido Valdez:        TWO THOUSAND, SEVEN HUNDRED THREE DOLLARS
AND FIVE CENTS ($2,703.05), minus applicable withholding.

**Exhibit E**

Juan Pablo Gómez Reyes: ONE THOUSAND, FIVE HUNDRED SIXTEEN DOLLARS AND FORTY-TWO CENTS ($1,516.42), minus applicable withholding.

## **Exhibit F**

Eduardo Olaverria:        THREE THOUSAND, NINE HUNDRED FIFTY-TWO
DOLLARS AND SEVENTY-FOUR CENTS ($3,952.74), minus applicable withholding.

## Exhibit G

Juan P. Holguin:          ELEVEN THOUSAND, TWO HUNDRED TWENTY-ONE
DOLLARS AND FORTY-FIVE CENTS ($11,221.45), minus applicable withholding.

## **Exhibit H**

**Edwin Perez:**        ONE THOUSAND, TWO HUNDRED TWO DOLLARS AND FIFTY-FIVE CENTS ($1,202.55), minus applicable withholding.

## **Exhibit I**

Deivy R. Pimental Nuñez:  NINE HUNDRED FIFTY DOLLARS AND ONE CENT ($950.01), minus applicable withholding.